# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RITA ARMER, as personal representative, )
of the ESTATE OF MARGARET )
PHILLIPS, )
                                        )
                Plaintiff, )
                                        )
vs. )                Case No. CIV-12-1351-M
                                        )
GOLDEN CORRAL CORPORATION, )
                                        )
                Defendant. )

## ORDER

This case is scheduled for trial on the Court's September 2013 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed July 1, 2013. On July 22, 2013, plaintiff filed her response. On July 30, 2013, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

On October 10, 2010, Margaret Phillips ("Ms. Phillips"), along with her pastor, Dan Kesterson ("Dan"), and his wife, Cynthia Kesterson ("Cynthia"), visited Golden Corral Restaurant ("Golden Corral" or "defendant") in Shawnee, Oklahoma. Upon arriving at Golden Corral's parking lot, Ms. Phillips exited from the passenger side of Dan's vehicle. Dan was driving at that time. While in the parking lot, Ms. Phillips allegedly tripped over a piece of rebar protruding out of the parking stop and fell. As a result, Ms. Phillips suffered compound fractures to both her ankles and a small fracture to her hip. At the time of the accident, Cynthia was walking behind Ms. Phillips and Dan was getting out of the driver side of his car.

Immediately after the accident, an ambulance took Ms. Phillips to Unity North Hospital where she remained from October 12, 2010 to October 22, 2010. Subsequently, Ms. Phillips was

admitted to: Solara Rehabilitation Center from October 22, 2010 to November 9, 2010; Sunset Estates Nursing Home from November 9, 2010 to November 9, 2011; Lexington Nursing Home from November 9, 2011 to January 31, 2012; and finally, Purcell Hospital where she died on February 2, 2012. Upon Ms. Phillips' death, plaintiff, Rita Armer, sister of Ms. Phillips, was appointed as the personal representative of the estate of Ms. Phillips.

Plaintiff has brought a negligence claim asserting that defendant negligently failed to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees and negligently failed to remove or warn its invitees of any dangerous conditions on the ground, such as a rebar protruding from the parking curb. Plaintiff alleges that as a result of defendant's negligence, Ms. Phillips suffered serious personal injuries; incurred medical expenses; was prevented from transacting her business; and suffered pain of mind and body, which ultimately lead to her death. Defendant now moves for summary judgment.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

Plaintiff asserts that Ms. Phillips fell as a result of an allegedly hazardous condition existing on defendant's premises. To prevail on a premises liability negligence claim, a plaintiff must establish by preponderance of the evidence: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by such breach. *See Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996).

Defendant contends that there is insufficient evidence showing proximate cause.[1] Specifically, defendant asserts that plaintiff relies solely on non-admissible hearsay evidence to prove proximate cause thereby failing to meet her burden of proving causation. Under Oklahoma law, a "proximate cause of an event or injury must be that which in a natural and continuous sequence, unbroken by an independent or supervening cause, produces the event or injury and without which the event or injury would not have occurred." *Gaines–Tabb v. ICI Explosives, USA, Inc.,* 995 F. Supp. 1304, 1312 (W.D. Okla. 1996). "Ordinarily, what constitutes the proximate cause of an injury is a question of fact . . . [h]owever, the question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a jury could reasonably

---

[1] For purposes of summary judgment only, defendant concedes that a dangerous condition existed and that defendant breached a duty by allowing such condition to remain on its property.

find a causal connection between the allegedly wrongful act and the injury." *Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1023 (10th Cir. 2001) (quoting *Lefthand v. City of Okmulgee*, 968 P.2d 1224, 1226 (Okla.1998)). Plaintiff, therefore, has the burden of producing sufficient admissible evidence that would allow a reasonable jury to find that it is more likely than not the rebar was a cause which, in natural and continuous sequence, led to Ms. Phillips falling and injuring herself and without which her injury would not have occurred.

At the summary judgment stage, while evidence need not be submitted in a form that would be admissible at trial, nonetheless, the content or substance of the evidence must be admissible. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). The Federal Rules of Evidence ("FRE") prohibit the admission of hearsay evidence unless allowed under an exception. Fed. R. Evid 802. Hearsay evidence "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Rule 803(1) of the FRE provides an exception to the general rule against hearsay for a present sense impression, defined as any statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter".

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Ms. Phillips injuries were proximately caused by defendant's breach of duty, specifically whether Ms. Phillips injuries were caused by her tripping and falling on the piece of rebar allegedly protruding out of the yellow parking stop. Among other evidence, plaintiff

4

has provided recorded statements and affidavits of Dan and Cynthia, both present at the time of the accident, stating they saw Ms. Phillips on the ground immediately after the fall and that when Dan rushed to Ms. Phillips and asked her what happened, Ms. Phillips pointed to the rebar and said "I fell on that". While Ms. Phillips' conduct and verbal statement is offered to prove the matter asserted, that she actually did trip and fall over the rebar sticking out, it is admissible evidence because Ms. Phillips was describing an event that just happened to her seconds ago as she was lying there. In addition, Cynthia states "[Ms. Phillips] had mark on her ankle . . . . And it looked like where the bar had hit it". The above is circumstantial evidence that a reasonable jury could rely on to find that Ms. Phillips did in fact fall on the rebar.

Defendant argues that these statements are hearsay and not admissible under the present sense impression exception because these statements were not made as the fall was occurring i.e. these are non-contemporary statements made after the fall. However, the purpose in requiring substantial contemporaneity of the event is to substantially minimize the likelihood of fabrication on the part of the declarant and to greatly reduce the likelihood that the declarant will have inaccurately remembered the event in question. *See* Fed.R.Evid. 803(1) Adv. Comm. Notes (1975); *United States v. Manfire*, 368 F.3d 83, 840 (8th Cir. 2004). Rule 803(1) "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable". Fed.R.Evid. 803(1) Adv. Comm. Notes (1975). Here, we have the statements of Ms. Phillips made within seconds of falling while she is still on the ground, corroborated by the statements of Cynthia, who was right behind Ms. Phillips during the fall, and Dan, although is handicapped and have trouble walking, who was just on the driver side of the car as Ms. Phillips is falling. These instantaneous remarks and observations made within seconds after the fall can hardly be called an

5

opportunity for Ms. Phillip to fabricate a story or sufficient delay of time to greatly reduce the likelihood that she will have recalled the event inaccurately. Thus, the Court finds that plaintiff has submitted sufficient evidence, through the recorded statements and affidavits of Dan and Cynthia, and the inferences that can be drawn from Ms. Phillips' statement and the circumstantial evidence presented, to create a genuine issue of material fact as to whether Ms. Phillips' injuries were proximately caused by defendant's breach of duty.

Accordingly, the Court finds that defendant's Motion for Summary Judgment should be denied.

IV. CONCLUSION

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 12].

**IT IS SO ORDERED this 21st day of August, 2013.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE